UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ENVIROCON, INC.,

                              Plaintiff,

       v.                                                        7:06-cv-0549

ALCOA, INC.; CDM; and
CURRAN LOGGING, INC.,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## **DECISION and ORDER**

Plaintiff Environcon, Inc. commenced the instant action asserting various state law claims arising out of its construction of a landfill cell at Defendant Alcoa's facility in Massena, New York. Presently before the Court is Defendant Alcoa, Inc.'s motion pursuant to Fed. R. Civ. P. 12(b)(6) seeking dismissal of the claims seeking to recover upon theories of quantum meruit and negligence and to dismiss the claim for punitive damages.

**I.**      **FACTS**

Plaintiff worked as a subcontractor on environmental remediation construction at Alcoa's facility in Massena, New York. Envirocon constructed a secure landfill cell. The Complaint alleges that Plaintiff was caused to sustain cost and time overruns on account of Aloca's insistence that Plaintiff use certain types of material that were more difficult, costly, and time-consuming.

The biggest dispute in this regard appears to be over the type of clay to be used as a liner for the cell. The specifications for the project set forth the requirements for the maximum moisture content of the clay. The Complaint alleges that, during the contract bidding process, Alcoa identified Defendant Curran Logging as an acceptable source of clay. After receiving the contract, Plaintiff retained Curran as the source of clay. The Complaint further alleges that, after Plaintiff commenced performance under the contract, Defendant CDM, Alcoa's construction manager, imposed a requirement that only gray clay from Curran would be acceptable. Plaintiff contends that the inherent moisture qualities of gray clay limited its ability to dry the clay, thereby causing it to have to acquire additional materials that otherwise would not have been necessary. According to Plaintiff, this caused it additional expense to perform the contract and increased the amount of time needed to complete the project. Plaintiff contends that it requested to use brown clay from Curran or to acquire clay from other sources, but that CDM refused. Plaintiff now seeks to recover damages it allegedly sustained as a result of the issues concerning the clay.

Presently before the Court is Defendant Alcoa's motion pursuant to Fed. R. Civ. P. 12 seeking dismissal of the claims of unjust enrichment, negligence, and the claim for punitive damages.

## II.     STANDARD OF REVIEW

"[A] complaint must only include 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)(quoting FED. R. CIV. P. 8(a)). "This simplified notice pleading relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Id. Thus, a complaint is sufficient if it gives the defendant

fair notice of the plaintiff's claims, the grounds upon which they rest, and states claims upon which relief could be granted. Id. at 514.

"A party endeavoring to defeat a lawsuit by a motion to dismiss for failure to state a claim faces a 'higher burden' than a party proceeding on a motion for summary judgment." McKenna v. Wright, 386 F.3d 432, 436 (2d Cir. 2004). Dismissal is appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," Phillip v. Univ. of Rochester, 316 F.3d 291, 293 (2d Cir. 2003)(citation omitted), or where the complaint fails as a matter of law. Phelps v. Kapnolas, 308 F.3d 180, 187 (2d Cir. 2002).

### III.    DISCUSSION

#### a.    Quantum Meruit

Alcoa moves to dismiss the quantum meruit claim on the ground that such a claim cannot be sustained in the face of a valid contract. Plaintiff responds that it should be entitled to maintain this claim until such time as it is determined whether a valid contract covers the dispute at issue.

"The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter. . . . A 'quasi contract' only applies in the absence of an express agreement, and is not really a contract at all, but rather a legal obligation imposed in order to prevent a party's unjust enrichment." Clark-Fitzpatrick, Inc. v. Long Island R. Co., 70 N.Y.2d 382, 388 (1987). "It is impermissible . . . to seek damages in an action sounding in quasi contract where the suing party has fully performed on a valid written agreement, the

existence of which is undisputed, and the scope of which clearly covers the dispute between the parties." Id. at 389.

The contract between the parties contains a clause addressing changes in work specifications.[1] Section 11 of the contract provides that "Company, at any time, by a written order, and without notice to any surety, may make changes in the drawings and the specifications. If such changes affect the cost of the Work or time required for its performance, an equitable adjustment will be made in the Contract price or time for performance or both." The contract further provides a methodology for calculating changes in the contract price.

Assuming the facts in the Complaint to be true, there was a valid contract between Plaintiff and Defendant that contemplated adjustments in the contract price and time for performance arising from changes in specifications. See Compl. at ¶ 7; Contract at Section 11. The Complaint further alleges that the requirement to use gray clay was a change in specifications. Compl. at ¶ 20. Accordingly, it appears that the parties' relationship was governed by a written contract specifically providing for project design changes with adjustments in compensation and time for performance contemplated in light of those changes. See Clark-Fitzpatrick, 70 N.Y.2d at 389. As the New York Court of Appeals explained in Clark-FItzpatrick, "[n]otwithstanding plaintiff's claim that defendant breached the contract, plaintiff chose not to rescind the agreement, but instead to complete performance of the contract and sue to recover damages, which of course was plaintiff's right. Having

---

[1] The Contract is properly considered in connection with the instant Rule 12 motions because it was annexed to the Complaint.

chosen this course, however, plaintiff is now limited to recovery of damages on the contract, and may not seek recovery based on an alleged quasi contract." 70 N.Y.2d at 389.

If, in fact, there is no dispute concerning the existence of a contract between the parties, then the quantum meruit claim must be dismissed. Id  If, however, such a dispute remains, it would be premature to dismiss the quantum meruit claim. See Joseph Sternberg, Inc. v. Walber 36th Street Associates, 187 A.D.2d 225, 228 (1st Dep't 1993). "Where . . . there is a bona fide dispute whether the contract covers the controversy in issue, 'a plaintiff may proceed upon a theory of quantum meruit as well as contract, and will not be required to elect his or her remedies.'" Fisher v. A.W. Miller Technical Sales, Inc., 306 A.D.2d 829, 831 (4th Dep't 2003); deCiutiis v. Nynex Corp., 1996 WL 512150, at *4 (S.D.N.Y. 1996).  At this point in this litigation, Alcoa has not answered the Complaint and it is, thus, unclear whether it intends to dispute the validity of the contract annexed to the Complaint.  Until such time as Alcoa's position in this regard can be conclusively determined, the motion to dismiss must be denied as premature.

### b.     Negligence

In Count VII, Plaintiff alleges that Alcoa failed to exercise reasonable care in communicating the requirements for the fill material and, through its agent Curran, misrepresented that other sources of clay were not acceptable.  In Count VIII, Plaintiff alleges that Alcoa failed to properly supervise Curran and failed to administer the contract in accordance with good custom and required Plaintiff to work under costly and inefficient circumstances.  Defendant moves to dismiss the negligence claims on the ground that they are really repackaged breach of contracts claim and the Complaint fails to allege a legal duty independent of the contract.

"Generally, a tort cause of action that is based upon the same facts underlying a contract claim will be dismissed as a mere duplication of the contract cause of action particularly where, as here, both seek identical damages." Reade v. SL Green Operating Partnership, LP, 30 A.D.3d 189 (1st Dept. 2006) (internal citations omitted).  Plaintiff's claims of negligence are a mere duplication of the contract claim.  For example, Plaintiff complains that Alcoa required the use of a certain type of clay even though it knew that it would increase the time, effort, and cost of completing the project.  If true, this can be addressed through the intentional misrepresentation and breach of contract claims.  The very essence of the breach of contract claim is that Alcoa changed the clay specifications, thereby increasing the time and expense necessary to complete the project.  That is identical to the negligence claim.  Moreover, to the extent Plaintiff claims that, when preparing its bid and performing the work under the contract, it relied to its detriment upon Alcoa's representations concerning the clay, the remedy is found in Section 11 of the contract.  If, in fact, Alcoa changed the clay specifications, then, as discussed, Section 11 provides a mechanism for adjusting the contract price and time for performance.  Further, the contract specifically provided that "[t]he contractor may propose other sources if specific testing data shows that it meets the specifications for Low Permeability Soil Liner (clay)." Compl. at ¶ 16.  Thus, if Alcoa or CDM wrongfully failed to approve other clay sources, then that is remediable as a breach of contract.  Lastly, to the extent that Plaintiff contends that Alcoa negligently managed the contract, that claim too is cognizable as a breach of contract or a breach of the covenant of good faith and fair dealing.  The conclusion that Plaintiff's negligence claims are simply reiterated breach of contract claims is supported by the fact that the damages sought

under the breach of contract and negligence claims are virtually identical.  Accordingly, the negligence claims must be dismissed.

### c.        **Punitive Damages**

Lastly, Alcoa moves to dismiss the claim for punitive damages on the ground that the Complaint fails to allege the type of conduct warranting punitive damages.  "Punitive or exemplary damages have been allowed in cases where the wrong complained of is morally culpable, or is actuated by evil and reprehensible motives, not only to punish the defendant but to deter him, as well as others who might otherwise be so prompted, from indulging in similar conduct in the future."  Walker v. Sheldon, 10 N.Y.2d 401 (1961); see Rocanova v. Equitable Life Assur. Soc. of U.S., 83 N.Y.2d 603, 613 (1994).  "It is not the form of the action that gives the right to the jury to give punitory damages, but the moral culpability of the defendant."  Hamilton v. Third Ave. R. R. Co., 53 N. Y. 25, 28.  "In a fraud cause of action, punitive damages may only be recovered when the conduct in question is aimed at the public generally, involves a high degree of moral culpability, and rises to the level of 'such wanton dishonesty as to imply a criminal indifference to civil obligations.'"  Ross v. Louise Wise Services, Inc., 28 A.D.3d 272, 280 (1st Dept. 2006)  (quoting Walker, 10 N.Y.2d at 405-06); Rocanova, 83 N.Y.2d at 613.  "[A] private party seeking to recover punitive damages must not only demonstrate egregious tortious conduct by which he or she was aggrieved, but also that such conduct was part of a pattern of similar conduct directed at the public generally."  Rocanova, 83 N.Y.2d at 613.

Upon review of the Complaint, the Court finds that punitive damages are not appropriate.  Plaintiff is alleging conduct with respect to a single contract.  There is no allegation that the conduct in question was aimed at the public generally.  To the contrary,

the conduct was aimed at the limited class of entities who were requested to bid on the contract and to Plaintiff itself, the entity that was awarded the contract. Further, nothing about the Complaint suggests morally culpable conduct or evil or reprehensible motives. Accordingly, the claim for punitive damages must be dismissed.

**IV.    CONCLUSION**

For the foregoing reasons, Defendant Alcoa's motion to dismiss is GRANTED IN PART and DENIED IN PART. The motion to dismiss the quantum meruit claim is DENIED. The motion to dismiss the negligence claims is GRANTED. The motion to dismiss the claim for punitive damages is GRANTED.

IT IS SO ORDERED.

Dated: August 23, 2006

_____
Thomas J. McAvoy
Senior, U.S. District Judge